IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

**FILED**

FEB - 3 2003

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | | |
|---|---|---|
| Basil W. Akbar, #65498, | ) | Case No: 9 03 377 18BG |
| Plaintiff, | ) | |
| v. | ) | **NOTICE OF REMOVAL BY DEFENDANTS GARY MAYNARD, TIM RILEY AND THE SOUTH CAROLINA DEPARTMENT OF CORRECTIONS** |
| South Carolina Probation, Parole and Pardon Service, South Carolina Department of Corrections, Joan B. Meacham, Gary Maynard, Orton Bellamy, J. P. Hodges, Teresa A. Knox, Tim Riley, Stephen G. Birnie, Grady A. Wallace, Carl Lundberg, Michael Cavanaugh, William Gunn, Robert Ogletree, Stephen Benjamin, Debbie Amick, Ann Doe, John Doe, | ) | |
| Defendants. | ) | |

TO: BASIL W. AKBAR, #65498, *PRO SE* PLAINTIFF:

The Petitioners, South Carolina Department of Corrections, Gary Maynard and Tim Riley, by their undersigned attorney respectfully show this Court:

I.

Petitioners are the Defendants in the above-entitled action.

II.

On or about October 29, 2002 the above-entitled action was filed in the Richland County Court of Common Pleas.

1

III.

On January 8, 2003 the South Carolina Department of Corrections Office of General Counsel received the Summons and Complaint in the above-entitled action. Petitioners were never individually served.

IV.

No further proceedings have been had herein in Richland County involving these Defendants.

V.

The above-entitled action is an action for declaratory judgment, injunctive relief, actual damages, compensatory damages, and punitive damages brought pursuant to 42 U.S.C. §1983 and §1985 arising out of Plaintiff's denial of parole eligibility and involves a federal question.

VI.

The Petitioners are citizens and residents of the State of South Carolina.

VII.

This Court has jurisdiction of the above-entitled action pursuant to 42 U.S.C. §1983 and §1985 and the action may therefore be removed to this Court pursuant to 28 U.S.C. §1331 and/or §1343 and/or §1441.

VIII.

Copies of all state court pleadings served on Petitioners in the above-entitled action are attached as Exhibit A.

IX.

This Petition is filed with this Court within thirty (30) days after receipt, but not service, by the Petitioners of the Summons and Complaint in the above-entitled action.

X.

The Clerk of Court for Common Pleas for Richland County, South Carolina has been provided with a copy of this Notice of Removal.

WHEREFORE, Petitioners request that the above-entitled action be removed from the Richland County Court of Common Pleas to this Court.

*(signature)*
Daniel R. Settana, Jr., Fed. I.D. No. 6065
McKay, McKay & Settana, P.A.
1325 Laurel St., P. O. Drawer 7217
Columbia, SC  29202
(803) 256-4645

Columbia, South Carolina
February 3, 2003.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| Basil W. Akbar, #65498, | ) | Case No: |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **CERTIFICATE OF SERVICE** |
|  | ) |  |
| South Carolina Probation, Parole and Pardon Service, South Carolina Department of Corrections, Joan B. Meacham, Gary Maynard, Orton Bellamy, J. P. Hodges, Teresa A. Knox, Tim Riley, Stephen G. Birnie, Grady A. Wallace, Carl Lundberg, Michael Cavanaugh, William Gunn, Robert Ogletree, Stephen Benjamin, Debbie Amick, Ann Doe, John Doe, | ) | |
| Defendants. | ) | |

The undersigned hereby certifies that on February 3, 2003, a copy of the foregoing **NOTICE OF REMOVAL BY DEFENDANTS GARY MAYNARD, TIME RILEY AND THE SOUTH CAROLINA DEPARTMENT OF CORRECTIONS** was duly served on the *pro se* Plaintiff, by depositing the same in the United States Mail with proper postage prepaid, certified mail, return receipt requested, addressed to:

Basil W. Akbar, #65498
Evans Correctional Institution
P. O. Box 29512-02
F5, A-249
Bennettsville, SC   29512

*Catherine M. Adan*
Catherine M. Adan, for
Daniel R. Settana, Jr., Fed I.D. No. 6065
McKay, McKay, Settana & Addison, P.A.
1325 Laurel St., P. O. Drawer 7217
Columbia, SC   29202
(803) 256-4645
Attorneys for Defendants

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF RICHLAND ) FIFTH JUDICIAL CIRCUIT
)
Basil W. Akbar, ) Case No: 02-CP-40-5319
      Plaintiff, )
)
)
vs. )
)
)
South Carolina Probation, Parole )
and Pardon Service, South Carolina ) SUMMONS
Department of Corrections, )
Joan B. Meacham, Gary Maynard, )
Orton Bellamy, J. P. Hodges, )
Teresa A. Knox, Tim Riley, )
Stephen O. Birnie, Grady A. Wallace, )
Carl Lundberg, Michael Cavanaugh, )
William Gunn, Robert Ogletree, )
Stephen Benjamin, Debbie Amick, )
Ann Doe, John Doe, )
      Defendants. )

YOU ARE HEREBY SUMMONS, AND REQUIRED TO ANSWER THE COMPLAINT HEREIN, A COPY OF WHICH IS HEREWITH SERVED UPON YOU, AND TO SERVE A COPY OF YOUR ANSWER TO THIS COMPLAINT UPON THE SUBSCRIBER, AT THE ADDRESS SHOWN BELOW WITHIN THIRTY (30) DAYS AFTER SERVICE HEREOF, EXCLUSIVE OF THE DAY OF SUCH SERVICE, AND IF YOU FAIL TO ANSWER THE COMPLAINT, JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

s/ Basil W. Akbar

Fairfax, S.C.
Date: Dec. 12, 2002

Basil W. Akbar  65498
Allendale Corr. Inst.
P.O. Box 1151 F1 B-40
Fairfax, S.C. 29827
Evans Corr. Inst.
P.O. Box 1915 12-02 F5 A-249
Bennettsville, S.C. 29512

Personal Service RCSD
1-8-03
Gary Maynard  by


DEFENDANT'S EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FIFTH JUDICIAL CIRCUIT |
| Basil W. Akbar, ) | C/A NO: 02-CP-40-5319 |
| Plaintiff, ) | |
| ) | |
| VS. ) | COMPLAINT |
| ) | (Jury Trial) |
| South Carolina Probation, parole ) | |
| and Pardon Service, South Carolina) | |
| Department of Corrections, ) | |
| Joan B. Meacham, Gary Maynard, ) | |
| Orton Bellamy, J. P. Hodges, ) | |
| Teresa A. Knox, Tim Riley, ) | |
| Stephen G.Birnie, Grady A.Wallace, ) | |
| Carl Lundberg, Michael Cavanaugh, ) | |
| William Gunn, Robert Ogletree, ) | |
| Stephen Benjamin, Ann Doe, ) | |
| John Doe, Debbie Amick, ) | |
| Defendants, ) | |

NOW COMES, Plaintiff Basil W. Akbar, Pro Se, a State prisoner, without ant any former legal training complaining of wrongs done by Defendants, violations of Civil and State Constitutional Rights, Substantive Rights, Denial of Procedural Due Process, and other relevant violations of State Laws, Rules, Regulations, and Case Laws, would respectfully show this Honorable Court the following:

## JURISDICTION

Jurisdiction is found upon the South Carolina Tort Claims Act, pursuant to South Carolina Code of Law, §15-78-10, §15-78-90(b), and §15-78-110, seeking Monetary, Declaratory and Injunctive Relief; and pursuant to South Carolina Common Laws, South Carolina Statutory Provisions, and all other relevant Laws, Rules and Regulations, for the wrongs of Defendants.

## PARTIES

1. Plaintiff Basil W. Akbar, were at all times relevant herein a State prisoner of South Carolina Department of Corrections, and currently confine at, Allendale Correction Institution, P.O. Box 1151 B-40, Fairfax, S.C. 29827.

2. Defendant South Carolina Probation, Parole and Pardon Service (hereinafter PPPS), includes all its departments, agencies, agents, officials and employees, who is sued for wilful, gross negligent, malicious, tortorious acts as named and set forth herein, as allowed under the South Carolina Torts Claim Act, and Plaintiff seek declaratory, injunctive and monetary reliefs against these defendants.

3. Defendant South Carolina Department of Corrections (herein after SCDC), includes all departments, institutions, wardens, officials, employees, and Director, as well as whom Corrections is liable for, who is sued for wilful, unlawful, gross negligent, malicious, tortorious acts as names and set forth herein, as allowed under the South Carolina Torts Claim Act, and Plaintiff seek declaratory, injunctive and monetary relief. She sued in her individual / official capacity(s).

4. Defendant Joan B. Meacham, upon information and belief, is is the Director of the PPPS, charged with over all supervision of its staff, its servants, its agents, its employees and any agency contracted with, and is responsible for its daily operations, and has the responsibility of ensuring that prisoners who are entitled to parole consideration pursuant to the appropriate statute to determine their suitability for release, and carrying out her duty in a lawful and constitutional manner. She is sued for declaration, injunctive and monetary relief.

5. Defendant Gary Maynard, upon information and belief, he is the Director of the SCDC, for the State of South Carolina. He is legally responsible for the overall supervision of its staff, its agents, its employees and the agency daily operations, for the welfare of each prisoner, the implementation and enforcement of all rules and regulations governing prisoners and SCDC's employees and their training.

He is sued in his individual and/or official capacity.

6. Defendant Teresa Knox, upon information, is the Deputy Director for Legal Services, for the PPPS, charged with carrying out her duties in a lawful and constitutional manner. She is sued in her individual and/or official capacity.

7. Defendant Orton Bellamy, upon information, is the PPPS Board Chairman charged with carrying out his duties in a lawful and constitutional manner. He is sued in his individual and/or official capacity.

8. Defendant J.P. Hodges upon information, is the PPPS Secretary, charged with carrying out duties in a lawful and constitutional manner. Is sued in individual and/or official capacity.

9. Defendant Robert Ogletree, upon information is the PPPS Program manager, charge with carrying out duties in a lawful and constitutional manner. He is sued in his individual and/or official capacity.

10. Defendant Carl Lundberg, upon information is PPPS Chief Legal Counsel charge with carrying out his duties in a lawful and constitutional manner. He is sued in his individual and/or official capacity.

11. Defendant Tim Riley, upon information is the Chief of Monitoring and Classification for SCDC, charge with carrying out his duties in a lawful and constitutional manner. he is sued in his individual and/or official capacity.

12. Defendant Stephen Benjamin, William Cunn, Michael Cavanaugh, Stephen Birnie, Cary Wallace, upon information and belief, at all time relevant served as the PPPS Director and/or Commissioner, whom were charged with the same duties cited in paragraph four (4), and are currently ex officials. Joan B. Meacham is sued in their stead.

13. Defendant Ann Doe and John Doe, upon information and belief, are agents and employees of defendants PPPS and SCDC set forth above, or otherwise acted under Color of State Law and vested authority in same manner, who are defendants in this, and who will be named once the Plaintiff discover their names.

14. Defendant Debbie Amick, upon information and belief, at all time relevant in complaint, was a parole agent for the PPPS, charge with carrying out her duties in a lawful and constitutional manner. She is sued in her individual and official capacity.

## STATEMENT OF FACTS

15. The Plaintiff pled guilty to murder in 1971, and received a sentence of life (10 years parole eligibility), and granted parole in 1981 (void application of Statutory credits earned).

16. In 1984, he was charged with drug offenses and released on bond. On January 1985, he was again arrested on drug offenses and remained in jail. On April 6,1985, he received 5 and 15 years sentence concurrent, and June 21,1985, he received a mandatory 25 years consecutive to all time serving. Laws in effect at the time of offense entitled him to Good Time, Earn Work, and Education Credits; and Annual Parole Review Hearings.

## STATEMENT OF CASE

17. The Plaintiff alleges unconstitutional acts and omissions by the PPPS and the SCDC, to include but not limited to, Ex Post Facto and Due Process violations; Deprivation of Statutory Earned Credits; Arbitrary changing of parolible sentences to non-parolible sentences; Denied Annual Parole Reviews; Denied right to appear at parole revocation hearing; Agencies fail to aggregate consecutive sentences pursuant to Primary Rules of Statutory construction; Discrimination / Disparity in treatment; Erroneous affirmed repeated averments and misapplication of Laws, Rules and Regulations, by Agencies caused Plaintiff / family to suffer undue crisis beyond rational reason or penalogical purpose.

18. On May 28,1985, South Carolina Parole Agents served the Plaintiff with a warrant charging him with violating terms and conditions of his 1981 parole.

18. The Plaintiff was never advised of the date and time of his hearing, subsequently held June 19,1985, and a three member panel revoked his parole without being notified and/or afforded an opportunity to be present to dispute claims presented Parole Violation Report and Summary and Recommendation, by Debbie Amick, Probation and Parole Agent.

19. On June 20,1985, drug trial commenced. On June 21,1985 the Plaintiff was convicted and sentence to a mandatory twenty five (25) years consecutive sentence. The Plaintiff and Defense Counselor were unaware of the action taken by the parole board.

20. On June 19,1985, a three member panel of the PPPS Board met without having notified Parolee (PLaintiff) facing revocation of a life sentence.

21. The Plaintiff aver that he was never given, notice of Hearing date or time; or afforded an opportunity to be present with counsel; or to be heard in his person; and that he was denied rights to introduce evidence, confront and cross-examine adverse witnesses, and to dispute allegations in revocation report.

22. The Plaintiff did indicate in writing in presence of two parole agents, who did give and signed a written notice of hearing advising him of the right to be present, void a date and time,

23. The Plaintiff assert that the revocation of his 1981 parole, is currently invalid, and he is serving an illegal sentence.

24. The Plaintiff received a life (1971), which the law in effect required the service of ten (10) years and deduction of work credits for parole eligibility, and entitled to annual parole reviews.

25. The Plaintiff submits that the SCDC and the PPPS, records reflect various parole eligibility dates from 1986 thru 1996, and 2010. The sentences received in 1971 and 1985 were parolible sentences.

26. The SCDC and the PPPS arbitrarily in random fashion determined that he was serving a sentence of "Life without possibility of parole" and the converting of a parole eligibility life sentence to life without parole, and the converting of a mandatory twenty five (25) years by virtue of laws passed after his 1971, 1984 and 1985 crimes occurred, is a impermissible enhancement of his punishment and sentence, in addition to being void of any hearing.

27. The Plaintiff was denied access to various programs and Vocational School, etc., as an incidental to Classification.

28. The Plaintiff aver that he has vested interest to have his sentence reduced by the number of Good Time, Earn Work and Educational Credits earned, and that the SCDC and the PPPS fail to aggregate the Plaintiff's consecutive sentences, contrary to State and Federal laws, their own Policy, for the purpose of parole eligibility and max-out date on his 1985 sentences, despite complaints.

29. The Plaintiff avers in complaints that he had already served required time for parole eligibility, and that his sentences was not correctly computated, whereby he had worked at productive duty and/or educational assignments since entering the SCDC in 1971 and again in 1985, but has not had those credits applied to sentence to accelerate parole eligibility and max-out date of 1985 sentences.

30. The Plaintiff submits that the discrepancies in his parole eligibility notifications and computation of sentences, were directed to, Tim Riley, Carl Lundberg, Joan Meacham, and Teresa Knox. Their replies did not offer any legal authority to support Agencies determination that he was serving a sentence of life without parole.

31. The Plaintiff submits that Joan Meacham, Robert Ogletree, and J. P. Hodges, fail to provide objective means for determining and establishing his parole eligibility, and that current procedures does not adequately provide safeguard against serious risk / ensued errors,

and fail to adequately screen prisoner's records and protect their invested liberty interest, and,

32. That at all time relevant, the current and formal Directors of the SCDC / PPPS, Gary Maynard, Joan Meacham, Stephen Benjamin, William Gun, Michael Cavanaugh, Stephen Birnie, Grady Wallace, fail to provide objective means for determining and computating parole eligibility and max-out dates; and fail to provide safeguards against serious reckless and imprudent errors.

33. The Plaintiff aver that after twelve years of regular visits and the borne of one child, his beloved spouse, whom loved each other dearly, was his companion, partner and sole support, thus accompanied him through his struggles in confinement. Dissolved their vows of marriage, due to Defendants adamant and inflexible determination that the Plaintiff was serving a non-parolible life sentence, after years of their unsuccessful challenges, to Defendants misapplication of Statutory laws and policies, subsequently destroyed all hopes and optimism that an realistic possibility of a family exist.

34. The Plaintiff submits that the SCDC / the PPPS, and Defendants discriminated and exercised a disparity in treatment against him. Where they arbitrarily fail to apply earn credits to his sentences; and fail to aggregate his consecutive sentences for purpose of determinating parole eligibility, and max-out of 1985 sentences, and,

35. Where inmate James Kerr Sr., whom was Indicted January 1988, for trafficking in cocaine, and received twenty five (25) years, and was release on parole in September 1993, and,

36. Where inmate Ralph L. Erwin, whom is currently incarcerated serving a ten (10) years eligibility life sentence, following parole revocation, of sentence received in 1962, thus currently receive annual parole reviews, whereby the Plaintiff is arbitrarily denied annual parole review hearings.

37. On July 31,2000, the Plaintiff file Petition for Due Process Hearing and Grievance attached,directed to Defendants Stephen Benjamin and the PPPS Board, alleging that he has a protected liberty interest in parole eligibility that may not be denied arbitrarily, or upon an erroneous application of law, in regards to life sentence imposed in 1971, and sentences imposed on April 6,1985 and June 21,1985, and,

38. On September 22,2000, the Plaintiff received response to Petition from Teresa Knox, whom alleged that a investigation was completed in my behalf, thereby conceding to Grievance.

39. On August 21,2002,the Plaintiff received a Supplement response from Defendant Teresa knox, that directly related to July 31,2000, Petition, an unresolve issue of Annual Parole Review. The disposition was flawed, and not a true account of the PPPS and the SCDC practice, where Defendants erroneously alleged that he was not eligible for annual parole review.

40. The Plaintiff submits that the expectation of the finality of his parole determination crystallized in 1986,and that the Plaintiff's record reflect parole eligibility date initially in 1986, and subsequently , yearly parole dates thereafter, and further state that where he has served so much of his sentence, the expectation of the finality of his parole date determination crystallized within that time, and,

41. That he had since been interviewed by PPPS Agents twice, once at Kirkland Corr. Inst. in 1992, and once at Lee County Corr. Inst. on April 3,1996, but was never scheduled to appear before the Parole Board.

42. The acts and omission of Defendants amounted to more than simple neglect, denial of parole hearing, denial of annual parole reviews, and denial of statutory liberty interest,its unequivocally inconsistent with fundamental principles of liberty and justice, thus

violated fundamental liberty interest and substantive Due Process Rights, and constitute a Deliberate Indifferent Claim.

43. Plaintiff submits that he suffered a penalty when he was eligible for parole and might be released if granted entitled hearings opportunity and annual parole reviews. Furthermore, eligibility in the abstract is useless, and is not any realistic meaning of the term "eligibility for parole", where parole hearing is an essential element of parole eligibility.

44. The SCDC and the PPPS unlawfully altered the Plaintiff's sentences and sentencing opportunity / consequences in a detrimental and retrospective manner, more onerous sentencing limitations, and PPPS decision to revoke the Plaintiff's parole was not in conformity with Due Process Standards.

## CLAIMS

### FOR A FIRST CAUSE OF ACTION

45. The Plaintiff realleges each and every allegation set forth above as if repeated herein verbatim and further alleges:

46. The Plaintiff submits that Defendants, SCDC / PPPS, by virtue of Chapter 78 of Tittle 15 of the South Carolina Code of Laws, is responsible for the conduct of the Defendants as set forth above, said conduct being grossly negligent, wilfully and reckless in the particulars to-wit:

    a. exceeded legislative authority of §24-21-50 in denying in denying Plaintiff parole hearing.

    b. in the Director failing to property and adequately supervise employees of the SCDC, and the PPPS in order to ensure that they were properly performing their jobs and lawfully so.

    c. in denying Plaintiff benefits, entitlements, in award and applying good time, work / educational credits.

d. in that arbitrary determination and change in parolible life sentence to non parolible life sentence violated Ex Post Facto Clause, Due process, Equal Protection of law, and constitue a subjection to cruel and unusual punishment, Eighth Amendment violation.

e. in that 1971 Life sentence construction and servitude was made more onerous than the laws in effect at commission of offense, extended and modified term of release and parole eligibility, revoked pre-existed parole eligibility, violated the separation of power doctrine.

f. in that arbitrary and discriminatory determination that mandatory 25 years sentence was non-parolible, and that service required "day for day" service of 25 years, void credits earned violated Ex Post Facto Clause, Due Process, Equal Protection of law; and constitute Cruel and Unusal Punishment, Eighth Amendment violations.

g. in that 1985 25 years mandatory sentence construction and servitude was made more onerous than the laws in effect at commission of offense, extended and modified term of release and parole eligibility, violated the Separation of Power Doctrine.

h. in that converting two separate sentences of life with parole, and mandatory 25 years with parole into one sentence of life without parole, violated the Eighth, Fourteenth Amendment; and S.C. Const. Art.I, Sec.3; and Equal Protection of Law.

i. in that erroneous applying of Omnibus Crime Bill 1986, revision, motivated by punitive punishment incline to extend incarceration of particular categories of criminal offenses, was an impermissible enhanced penalty of sentence, Ex Post Facto violation: Eighth and Fourteenth Amendment, and S.C. Const. Art.I, Sec. 3, violations.

j. in that retroactively changing parole eligibility consideration from annual to bi annual basis, violated Ex Post Facto Clause.

k. in that PPPS discriminated in a bias and and prejudice manner, when annually reviewing some inmate of the same class and denying others, violating Ninth and Fourteenth Amendments, and Equal Protection of Law.

    l. in that revocation of parole in his absence, on June 19, 1985, of his 1981 parole denied Due Process, violated Eighth and Fourteenth Amendment, and Equal Protection of Laws.

    m. in that he was prejudiced by the failure of PPPS/SCDC Agents to notify him of the date and time of parole revocation hearing, violated Due Process and Equal Protection of Law.

    n. in that refusal / failure to aggregated consecutive sentences contrary to State / Federal Laws; and SCDC's policies, violated Equal Protection of Law, Due Process and Substantive Rights.

    o. in that defendants intentionally ignored it's own guidelines, in calculating and computating sentences max-out date and parole eligibility date, violated Eighth, Ninth and Fourteenth Amendments, and Equal Protection of Law.

    p. in that refusal / failure of defendants to award legislative approved Good time, Earn Work and Earn Education Credits, in accordance with policy and language of State Statute, arbitrarily denied him constitutional protected liberty interest, and violated Equal Protection of Law and Due Process Rights.

## FOR A SECOND CAUSE OF ACTION
### TORTUOUS ACTS ($15-78-10)

47. The Plaintiff realleges each and every allegation set forth above as if verbatim and further alleges:

48. The conduct of the Defendants and/or their Agents, servants, and/or employees gross negligent, willful, wanton and intentional conduct, constituted a deliberate indifference to the needs of the Plaintiff, and deprived the Plaintiff of rights, privileges and immunities secured to him by the State / Federal Constitution and statutes, including inter alia;

    a. the right to be free of the deprivation of life, liberty or property without due process of law under the Fifth and Fourteenth Amendments to the United State, and S.C. Const. Art.1, Sec.3.

    b. the right to be free of the infliction of cruel and unusual punishment under Eighth and Fourteenth Amendment to the United States Constitution, and S.C. Const. Art.1 Sec.3 & 4.

    c. the right to be free of discrimination and disparity in treatment, under the First, Eighth, Ninth, and fourteenth of the United States, and S.C. Art.1 Sec.3 & 4.

49. The conduct of the Defendants and/or their agents as previously set forth herein occurred under the Color of the Laws.

## FOR A THIRD CAUSE OF ACTION

### OUTRAGE

50. The Plaintiff realleges each and every allegations set forth above as if verbatim and further alleges:

51. The Plaintiff alleges that the conduct of the Defendants as set forth above was outrageous in nature, in that conduct was atrocious and utterly intolerable in a civilized community and so at extreme and outrageous as to exceed all possible bounds of decency, thus denying Fundamental Liberty Interest protected by Due Process Clause. Such conduct was deliberate, intentional, reckless and an arbitrary abuse of power sufficient to shock the judicial conscience. Defendants acted with full appreciation of the effect of it's action, thus certain to cause the Plaintiff to suffer physical, psychological and emotional distress, which is severe, in that Defendants willfully and grossly violated Laws, Rules, Regulations, and State / Federal Constitutions with no regard for his life, liberty or property, caring less if he died in prison, while being denied parole hearing / parole unlawfully.

## FOR A FOURTH CAUSE OF ACTION

### DAMAGES

52. The Plaintiff realleges each and every alleggations set forth above as if verbatim and further alleges:

53. As a direct and proximate result of the aforesaid acts and omission on the part of the Defendants, the Plaintiff has been injured and damaged in that he has been deprived of the rights, privileges and immunities affored to citizens of the State of South Carolina and the United States, has been subjected to cruel and unusual punishment, has been denied Due Process and Equal Protection of Laws, has undergone severe pain and suffering; and has endured extreme mental anguish and emotional distress, and has been deprived of the enjoyment of life and liberty, thereby entitling him to recover actual and compensatory damages from the Defendants.

54. The Plaintiff is further entitled to punitive / exemplary damages from Defendants,as the conduct of such Defendants as set forth herein was willful, wanton, reckless and grossly negligent, as well as knowing, intentional and malicious.

### RELIEF

WHEREFORE, Plaintiff request this Honorable Court grant the following relief:

A. Issue a Declaratory Judgment that Defendants violated State and Federal Laws when they:
   1. defendants has a duty to consider him for parole pursuant to laws in effect at the time of offense.
   2. defendants applied 1986 Omnibus Crime Bill to his sentences, violating Ex Post Facto Clause, Substantive Due Process rights, and Equal Protection of Laws.
   3. retroactive applying amended parole Statute to render him permanently ineligible for parole violated Ex Post Facto, Due Process, and Equal Protection of Laws.
   4. retroactive application of Statutory amendment that reduced frequency of parole reconsideration from one year to two years constituted an Ex Post Facto violation.

5. defendants discriminated when denying inmates of same class annual parole reviews, and denying others.
6. defendants arbitrarily changed parolible life sentence, to life without parole / life without parole eligibility void Judicial Authority and Due Process.
7. defendants arbitrarily changed parolible mandatory 25 years sentence to non parolible sentence; and ineligible to receive credits earned toward sentences.
8. defendants fail to properly calculate and award credits in accordance with policy and language of State and Federal Laws.
9. increase in punishment violated constitution, substantive Due Process Rights, Ex Post Facto and Equal Protection of Laws.
10. that 1985 parole revocation in his absence is invalid, and hearing did not contain all necessary procedures and protection he was due.
11. caused unreasonable, wanton, intentional, knowing, and reckless infliction of emotional distress.

B. Issue an Injunction ordering that defendants or agents:
1. refrain from changing / denying plaintiff, and other inmates sentenced prior to 1986 annual parole review hearings.
2. refrain from applying retroactive amended parole statute that imposes punishment for act which was not punishable at time it was committed, or imposes additional punishment to that then prescribed, or alter condition of, or revoke his pre existing parole eligibility.

C. Grant Compensatory Damages in the following amount:
1. $350,000 jointly and severally against defendants, Carl Lundberg, Debbie Amick, Grady Wallace, Michael Cavanaugh, Stephen Birnie, for arbitrarily denying hearing, and revoking 1981 parole, at revocation hearing held in his absence, void all necessary procedures due him, and for the physical, psychological and emotional injuries sustain.

2. $350,000 jointly and severally against defendants, Joan Meacham, Stephen Benjamin, Stephen Birnie, Carl Lundberg, Michael Cavanaugh, Gary Maynard, Tim Riley, William Gunn, for enhancing punishment and penalty arbitrarily changing parolible 1971 Life sentence, and 1985 mandatory 25 years sentence to non parolible sentences; and for the physical, mental anguish and personal humiliation, resulting from acts and omissions.

3. $350,000 jointly and severally against defendants, Joan Meacham, Carl Lundberg, Teresa Knox, Orton Bellamy, J.P. Hodges, Robert Ogletree, for intentional discrimination; Ex Post Facto violation; Equal Protection violation, when denying him annual parole review hearings, and granting others of the same class.

4. $350,000 jointly and severally against defendants, Joan Meacham, Stephen Benjamin, Orton Bellamy, J.P. Hodges, Robert Ogletree, Carl Lundberg, Tim Riley, Teresa Knox, for the reckless indifference to rights, and injuries to the quality of life.

5. $350,000 jointly and severally against defendants, Gary Maynard, Joan Meacham, Carl Lundberg, Tim Riley, for the denial of vested liberty interest to receive credits to reduce sentences, void Due Process and/or justification; and Statutory penalties.

D. Grant punitive damages of $50,000 against each defendants.

E. Grant such other relief as may appear Plaintiff is entitled.

Date: Dec. 10, 2002

s/ Basil W. Akbar 65498
Allendale Corr. Inst.
P.O. Box 1151-F1-B-40
Fairfax, S.C. 29827

E Jans Corr. Inst.
P.O. Box 25513-01 FS A-249

RECEIVED
JAN